Mr. Justice Colcock
delivered the opinion of the court.
By the 17th section of the act ot 1794, for organizing fhe militia of the state,, (Miller's Militia Law 18,) it is enacted, “ That no civil officer whatsoever shall on any ryreter.ee, execute any process, (unless for treason, felony, or breach of the peace,) on any person whatsoever, at any muster or other time when such person shall be obliged to bear arms in pursuance of this act, nor in going to or returning from any muster or place of rendezvous, or within twenty-four hours after such person shall be discharged from appearing in the regiment, company or troop to which he shall belong, under the penalty of five pounds sterling; and the service of any such process shall be void to.all intents and purposes whatsoever.”
It is somewhat surprizing how any doubt could have arisen after the reading the words of the act, which are certainly as explicite as any known to our language, “ No civil officer whatsoever,” (which words certainly embrace a sheriff and his deputies,) “ shall, on any pretence execute any process,” (a writ is a process, and therefore embraced in the term any process,) “ except for treason, felony or breach of the peace,” (and it is not in the exception,) “ or any person whatsoever at any muster,” (embracing the case of this defendant who was at muster and actually tn duty,) concluding with the words “ the service of any ¿tteh procese shall be void.” It is sufficient to shew that die case is embraced in the words of the act, but the words , *463 íif the act as well as its spirit shew that the views which the plaintiffs council had taken of the act is incorrect. He says the object of the law was to secure the performance of the duty and only intended to protect the person irons imprisonment during the time the service is performing. But if this were the case why extend the protection to hina on his return and for twenty four hours after. The act intended not only to, protect the person but the feelings , of the individual while in the performance of this duty, to free him from all the embarracements of civil concerns while engaged in the performance of his military duties. The service of a process even for the recovery of an ordinary debt, is a circumstance calculated to excite unpleasant feelings in the bosom of a man of, correct principles, and the more so if it should occur at a moment when he is, performing a public duty in the presence of his fellow citizens. Suppose a sheriff stepping up to an officer as he was about to give the word of command to his regiment or brigade, and put a writ into his hand? would not this-he humiliating to his pride ? or even in a more stoical view of the subject, is it not an impediment and hindrance in the discharge of his duty which he ought not to be subjected to ? Or in the case of a private at the moment be is about to shoulder his musket in obedience to the command of bis officer, to be compelled to receive a writ from a sheriff; would ,it not both wound his feelings and embarrass him in the discharge of his duty ? It is the duty of a wise legislature in subjecting the citizens of the country to the regulations.of the law, to have a due regard to those hon-orablé feelings which should be inculcated in the bosom of freemen, and this was the object of our legislature. A ■writ may be served by being left at the most notorious place of defendants abode.
J. J. Caldwell, for the motion.
Bausbett and Dunlap, contra.
The motion is discharged.
Justices Nott, Huger, Gantt and Johnson, concurred.